IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
DEC 08 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| **MICHAEL STANSELL,** <br> Grafton Correctional Institution, <br> 2500 South Avon-Belden Road, <br> Grafton, Ohio 44044, <br><br> Plaintiff, <br><br> -vs- <br><br> **KEITH FOLEY, Warden,** <br> Grafton Correctional Institution, <br> 2500 South Avon-Belden Road, <br> Grafton, Ohio 44044, <br><br> Defendant. | : : : : : : : : : : : : : : : : | Case No.: 1:22 CV 2222 <br><br> Judge: **JUDGE FLEMING** <br><br> **Mag. Judge Grimes** <br><br> (Jury demand Endorsed Herein) |

## COMPLAINT

### JURISDICTION

1. This Court has original jurisdiction over the instant justiciable controversy by virtue of Article III of the United States Constitution, and pursuant to Section 504 of the Rehabilitation Act of 1973 and Section II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§12101-12213;

### VENUE

2. All of the acts and conduct upon which the claim for relief set forth in this Complaint are based occurred in Grafton, Lorain Country, Ohio, Within the territorial jurisdiction of this Court, rendering this Court as the appropriate venue for this Action, pursuant to Federal Rule of Civil Procedure 5;

### PARTIES

3. Defendant Keith Foley, is in the warden and chief overseer of all departments and operations at Grafton Correctional Institution ("GCI"), at all times relevant to this Complaint. in which Plaintiff is confined, and under whose auspices the complained of conduct giving rise to this Action occurred, and which is the recipient of Federal Funding, thus mandating compliance

with Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act (ADA); Plaintiff is suing this Defendant both in his official and individual capacities.

4. Plaintiff is a State Prisoner, a United States Citizen and Citizen of the State of Ohio, and who is under the custody and control of the Ohio Department of Rehabilitation and Corrections (ODRC) confined at the Grafton Correctional Institution (GCI), the administration officials of which have committed the acts and conduct upon which this action is based;

## PREVIOUS LAWSIUTS

5. A prior civil action was filed against GCI in Federal Court which involved similar prior actions taken by Defendant as presented in this current complaint, and with similar facts; even though the facts may be similar within this complaint, this Complaint is based upon new acts and conduct of the defendant which occurred subsequent to the disposition of the previous lawsuit;

6. The previous lawsuit filed was entitled Michael Stansell, Plaintiff, vs. Grafton Correctional Institution, Defendant; filed in the United States District Court, Northern District of Ohio, Eastern Division; with Docket Number 1:17-cv-1892, and, with Judge James S. Gwin assigned to the case;

7. The disposition of that case was a settlement agreement, also encompassing the disposition of another, unrelated civil action, under Case Number 1:18-cv-963, that was combined with docket number 1:17-cv-1892 as it was the controlling docket to both civil actions;

8. Docket Number 1:17-cv-1892 was filed in approximately September of 2017, and a settlement agreement came about in approximately December of 2020, which closed both dockets;

## EXHAUSTION

9. Plaintiff submits that he has completely and thoroughly exhausted the requisite available Administrative Remedies and has further gone above and beyond the minimal requirements, as evidenced by Exhibits A through L attached hereto and incorporated fully herein by reference;

## STATEMENT OF CLAIM

10. In December of 2013, Plaintiff, after multiple trips to the prison medical department with abdominal pain, was eventually ambulanced to the outside hospital with severely life threating twisted intestines, which were turning gangrenous due to rampant infection, and tearing of the intestines that required emergency surgical intervention and a colostomy;

11. When Plaintiff had returned from his surgery in early 2013, he was determined, under the ADA, to be disabled and was provided with the ADA Accommodation of a single cell, starting February 13, 2014;

2

12. From December 2013, through August 2014, Plaintiff underwent repeated infections and additional problems, and, ultimately, the colostomy was reversed, in August 2014, despite the fact that the surgical wounds still had not healed and had infection;

13. In July of 2015, Plaintiff's ADA Accommodation single cell was lifted without any examination of Plaintiff;

14. The stated reason for lifting Plaintiff's accommodation, was that Grafton Correctional Institution is removing all of the then-existent single cell restrictions from all prisoners who had then at the time; however, the only single cells that were lifted were the ones from Grafton Correctional Institution, with other institution ADA single cells still, to date, remaining;

15. Plaintiff continually experiences additional abdominal pain, apparent hernias, twisting of intestines and other issues which have not been resolved by the prison medical treatment;

16. In the course of another emergency evacuation to the outside hospital, Plaintiff, on June 20, 2017, was diagnosed with deadening of the senses to the intestine region, and elimination the normal sensation of the need to defecate;

17. In March and April of 2021, Plaintiff went on a total of three (3) medical trip to Franklin Medical Center (FMC) to obtain corrective abdominal surgery from the August 2014 colostomy reversal; (Photograph Exhibit A, B)

18. On this last medical trip to FMC dated April 26, 2021, Dr. Sherman Katz, the lead physician at FMC, contracted through Ohio State University Hospital (OSU), along with his assistant, Dr. Steven Scoville, both agreed that a single cell is warranted; (Exhibit C); due, in part, to the fact that Plaintiff does not have any prior warning as to when he has to defecate, the single cell ADA Accommodation will allow full and complete, unrestricted access to the restroom facilities; and Dr. Katz executed a Medical Order to this effect (Exhibit C);

19. After reviewing Plaintiff's medical records, Plaintiff noticed that Dr. Sherman Katz, and Dr. Steven Scoville made an entry error in Plaintiff's file; This error states that Plaintiff "stated he normally has bowel movements daily, occasionally has 1-2 days when he may not have a bowel movement" (Exhibit C), when in fact that Plaintiff never said such statement, and has them at least 15 to 25 times a day, if not more;

20. After notice of such error, Plaintiff sought out the other inmate who happened to have accompanied Plaintiff to FMC, Albert Hilton, and sought information, and as a result, Mr. Hilton executed an Affidavit to clarify that Plaintiff is not the individual that stated this to the physicians that is in Plaintiff's medical record, but in fact it was Mr. Hilton who made the statement, thus establishing that it was a recording error; (Exhibit D)

21. Plaintiff, as well executed an Affidavit, stating of this error in his medical records; (Exhibit E), and submitted both Affidavits to GCI Medical personnel;

3

22. Plaintiff continued by filing an informal complaint, grievance, and grievance appeal to try and have corrective surgery of his abdomen, with a response of Plaintiff's life would be in "high risk", and "such a surgery would be detrimental to your (Plaintiffs) health and could possibly be life threatening"; (Exhibit F)

23. Plaintiff also filed an "Inmate Reasonable Accommodations Request" form with the GCI ADA Coordinator, Mr. Kai Adams, on November 3, 2021; (Exhibit G)

24. On December 7, 2021, Mr. Adams denied relief of Plaintiff's ADA Inmate Reasonable Accommodations Request on the asserted basis that Defendant, Keith Foley, decided "this request cannot be accommodated because Grafton Correctional Institution does not have the authority to change the institutional bed count"; (Exhibit H)

25. Plaintiff filed an appeal to the Special Needs Assessment Committee on December 27, 2021, which was denied for the stated reason that the Committee repeatedly views this issue as a "medical request", or "medical restriction" rather than as an ADA Accommodation as actually repeatedly presented thereto;

26. On January 13, 2022, Plaintiff filed another ADA Inmate Reasonable Accommodations Request, per request of the ADA Coordinator, Mr. Adams, (Exhibit I); this request was denied on April 1, 2022, citing the same reasons as those cited by Defendant Warden Keith Foley of "…Grafton Correctional Institution does not have the authority to change the institutional bed count" (Exhibit J); And, with a revised decision on April 18, 2022 stating "the request for a single-cell accommodation is not feasible"; but at the same time, and in the same response, it is recognized that Plaintiff "has a severe condition that requires special attention and liberal restroom access"; (Exhibit K)

27. On April 20, 2022, a decision from the Special Needs Assessment Committee was made on the appeals filed, with the basis of their decision being rendered on denying "medical restrictions", and not addressing the actual requested ADA Accommodation; (Exhibit L)

28. Plaintiff has never once argued anything regarding a medical restriction, as the Special Needs Assessment Committee, and Dr. Eddy, keep referring to in this appeal (Exhibit L); for a medical restriction has nothing to do with an Americans with Disabilities Act Accommodation; Additionally, a medical restriction, and an ADA Accommodation are two different types of request and entities, and even though it is clearly admitted by Defendant that Plaintiff has a severe medical case, with documentation of an ADA single-cell Order issued by Dr. Katz and Dr. Scoville, Defendant still denied and continues to deny Plaintiffs ADA request, instead restricting Plaintiff's housing assignment to a housing unit with a "handicapped restroom" which forestalls Plaintiff's ability to participate in federally funded programming available to prisoners without disabilities, including, but not limited to, the "Normalcy Units";

29. Furthermore, access to the handicapped restroom is not as "available" as Defendant claims it is, due to the fact that at times including count, when all the inmates are locked in the cell for the night, and program hours in the housing units, there is no access to the "handicapped restroom; establishing the refusal to follow the ADA Accommodation Order of Dr. Katz to be

a permanent discrimination by the lack of restroom access; despite the defendant acknowledging that Plaintiff "has a severe condition that requires special attention and liberal restroom access" as stated in Exhibits H & K by the Defendant;

30. Because Plaintiff does not have the access to the restroom as Defendant believes Plaintiff has, or should have, Plaintiff has multiple arguments with his cellmates to use the cell restroom, as well as with staff, in attempting to get them to allow Plaintiff to use the handicapped restroom;

31. Plaintiff has issues with cellmates when needing to use the restroom, during the times of being locked in the cell for count, and the night time hours; Leaving Plaintiff times when incontinence is an issue for the reasons of not having unrestricted restroom access;

32. It is clear that the defendant's statement that an "accommodation in lieu of the single-cell request is to maintain a bed assignment in housing quarters with an accessible restroom as an alternative restroom option to provide unhampered access" as stated in Exhibit K, is simply a way for Defendant to sweep the problem under the rug; evidenced by the fact that his own statement states "to provide unhampered restroom access," but at the same time, Plaintiff is not permitted to use the handicapped restroom at count time, and when all inmates are locked down for the night, or during programming times within the Unit, leaving Plaintiff's access to the major life activity of being able to defecate when needing to do so, unnecessarily hampered;

33. Defendant's additional way to attempt to avoid addressing Plaintiff's ADA Accommodation is to "grant" Plaintiff "a new roll of toilet paper when he turns in an empty roll" as said in exhibit H, J, and K; None of these "accommodations" gives Plaintiff "unhampered access" or access as Defendant keeps stating Plaintiff has;

34. This causes Plaintiff to be deprived of the ability to use the restroom in Plaintiff's cell as well as in the handicapped restroom, on multiple occasions on a regular basis;

35. This further establishes, that Defendant is deliberately and knowingly interfering with Plaintiff's ability to access, to participate in, or to receive the benefit of, a service, program or activity; as it is well-settled that access to a toilet is a "Major life activity", and the purported solution to ignore the repeated ADA Accommodation requests in favor of restricting Plaintiff's housing unit serves to deny Plaintiff access to federally-funded rehabilitative and Re-Entry programming;

36. Furthermore, because Plaintiff is incarcerated, does not grant Defendant permission to allow Plaintiff to expose himself to any cellmate, staff, or anyone else that is not deemed to be a medical examination structured by medical staff, a medical emergency, or is considered to be a security issue, and not even then due to the full body scanners;

37. Based upon changes to ODRC Policies, and partially due to PREA Legislation, Ohio Prisoners, including Plaintiff, are no longer permitted nor required to expose any part of their body, including, but not limited to, genitalia, buttocks, nor any other part of their body to another, as once was required for security reasons; This also includes, but not limited to, entering and exiting the visitation room from a contact (face to face) visit; There are full body scanners in

place to conduct any physical search, exactly like the full body scanners in the airport used by the TSA;

38. As there have been changes in ODRC Policies regarding nudity and exposure, it cannot be deemed to be appropriate for the Defendant to say Plaintiff must use the restroom facilities in front of another person; Defendant does not have an inherent right to break any departmental rules, administration rules, or policies to have Plaintiff expose himself in a degrading manner just so Plaintiff may use the restroom, and do so, multiple times throughout the day; which is the result of refusing to comply with the ADA Medical Order for a single cell accommodation;

39. Additionally, Plaintiff submits that Defendant's assertion that this request is not feasible (stated in exhibit K), is false, as the defendant has, in fact, changed the institutional count on multiple occasions subsequent to the assertion that Plaintiff's ADA Accommodation cannot be feasible because he cannot do so (id);

40. In June of 2022, GCI Unit A-1 changed its bed count; So Plaintiff spoke with Lt. Chau, whom is in charge of the count office, and asking the question of who changed the institutional bed count in GCI Unit A1 Cell 126, by changing it from an inmate living quarters, to an inmate barbershop; and Plaintiff was verbally informed by Lt. Chau that it was the warden, Keith Foley who ordered the changes;

41. Additionally, the defendant, warden, Keith Foley, has subsequently again changed the institutional bed count, in Unit B5-Cell 126, by changing it from an inmate cell, to an office for a Tyro Program Facilitator; thus further establishing that the stated reason for denial of Plaintiff's reasonable ADA Reasonable Accommodation request that the defendant does not have the ability to change the institutional bed count is deliberately false and pretextual;

42. The actions of Defendant Keith Foley, in denying Plaintiff's Americans with Disabilities Act request and claim for a single-cell, is a result of misuse of powder knowing that Plaintiff has a Physical Medical Order for this single-cell, and were done maliciously and sadistically, and constitutes cruel and unusual punishment and violates Plaintiff's rights under the Eighth Amendment to the United States Constitution;

43. The failure of Defendant Keith Foley, to provide Plaintiff's Americans with Disabilities Act request for a single-cell, and the falsification of documents by stating Defendant is not able to change institutional bed count, and then doing so twice, violates Plaintiff's rights under the Fourteenth Amendment to the United States Constitution;

44. The Failure of Defendant Keith Foley, to provide Plaintiff with a documented order for an Americans with Disabilities Act request and claim for a single-cell, that is issued by Dr. Katz and Dr. Scoville from Franklin Medical Center, whom are contracted from Ohio State University Hospital, violates Plaintiff's Rights of the Eighth Amendment to the United States Constitution;

6

45. The failure of Defendant Keith Foley, to provide for the Americans with Disabilities Act request and claim for a single-cell to Plaintiff constitutes the tort of negligence under the law of Ohio, the Americans with Disabilities Act; and under the Rehabilitation Act;

## CLAIMS FOR RELIEF

## FIRST CLAIM

46. Plaintiff hereby incorporated the facts alleged in Paragraphs One through Forty-Five (1-45) of this Complaint as if fully rewritten herein;

47. asserts that the acts and conduct of the Defendant herein, aforesaid, unnecessarily deprives Plaintiff of adequate access toilet facilities;

48. Plaintiff further asserts that access to a toilet constitutes a "major life activity" as defined by the ADA, and the interference with, and/or refusal to provide access constitutes a violation of the ADA;

49. Plaintiff alleges that the physical impairment of not knowing when Plaintiff must use the facilities, and the use of the facilities multiple times a day constitutes a disability that interferes with a major life activity, constituting an anatomical loss that affects the digestive system, as defined by 28 CFR §35.104(1) (g) (2007);

50. Plaintiff alleges that his disability requires reasonable accommodation by the Defendant herein, which is the recipient of Federal Funding for programming, and which programming is being denied to Plaintiff as a direct result of his disability and the refusal by the Defendant to provide a reasonable accommodation therefor;

51. Plaintiff alleges that the refusal to provide a reasonable accommodation for his disability by the Defendant therein, as the recipient of Federal Funding, and the resultant denial of access to programming and to essential major life activities constitutes a violation of the Americans with Disabilities Act, 42 U.S.C. §§12101-12213;

## SECOND CLAIM

52. Plaintiff hereby incorporates the allegations set forth in Paragraphs One through Fifty-One (1-51) of this Complaint as if fully rewritten herein;

53. Plaintiff alleges that the acts and conduct of the Defendant aforesaid constitutes a violation of the Rehabilitation Act of 1973, 29 U.S.C. §705(20) (B) (2007)

## THIRD CLAIM

54. Plaintiff hereby incorporates the allegations contained in Paragraphs One through Fifty-Three (1-53) of this Complaint as if fully rewritten herein;

55. Plaintiff herein alleges that the acts and conduct of the Defendant, aforesaid, constitute a violation of the Eighth and Fourteenth Amendments to the United States Constitution;

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

A) Issue a Declaratory judgement stating that:

   1) The denial of Plaintiff's Americans with Disabilities Act request and Order for a single-cell by Defendant Keith Foley, violated Plaintiff's rights under the Eighth Amendment to the United States Constitution;

   2) Defendant Keith Foley's failure to issue an accommodation under the Americans with Disabilities Act for a single-cell, for the falsely stated reasons Defendant is "not able to change institutional bed count", then doing so twice, violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

   3) Defendant Keith Foley's failure to issue an order under the Americans with Disabilities Act for a single-cell violated Plaintiff's Rights to adequate medical care that was recommended and ordered by Dr. Katz and Dr. Scoville whom had completed a thorough medical examination of Plaintiff, violated, and continues to violate, Plaintiff's Rights of the Eighth Amendment to the United States Constitution;

B) Issue an injunction ordering Defendant, Keith Foley to:

   1) Immediately arrange for the Plaintiff to be placed in a single-cell as ordered by Dr. Katz and Dr. Scoville; without any institutional transfers or other retaliatory activities associated therewith;

C) Award compensatory damages in an amount tom be determined by the trier of fact, but in any case not less than:

   1) $100,000 against Defendant, Keith Foley, for the physical and emotional injuries sustained as a result of Plaintiff having his ADA Accommodation denied due to false claims that Defendant" cannot change the institutional bed count", and then doing so twice;

   2) $150,000 against Defendant, Keith Foley, for the punishment and emotional injury resulting from the denial of Due Process in connection with the wrongful denial of Plaintiff's ADA Accommodation request;

   3) $150,000 against Defendant, Keith Foley, for the physical and emotional injury resulting from the failure to provide adequate reasonable ADA Accommodations;

8

D) Any other and/or further other relief to which Plaintiff may be entitled;

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable presented herein.

I hereby declare under penalty of perjury that the allegations set forth in the foregoing Complaint are true and correct, to the best of my knowledge and belief.

Executed this 7 day of December, 2022.

Michael Stansell, #A355-967
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044
Plaintiff, in pro se
(28 U.S.C. §1746)