UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STANSELL, | ) | CASE NO. 1:22-cv-02222 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) | |
| KEITH FOLEY, Warden, | ) ) | OPINION |
| Defendant. | ) | |

Pending before the court is Defendant Keith Foley's ("Defendant") Motion to Dismiss (ECF No. 8) Plaintiff Michael Stansell's ("Plaintiff") Complaint (ECF No. 1). For the following reasons, the Motion is GRANTED.

## I. BACKGROUND

### A. Factual Background

#### 1. Medical History from December 2013 through June 2017

Plaintiff is an inmate at the Grafton Correctional Institution ("GCI"). (ECF No. 1, PageID #2). In December 2013, while housed at GCI, Plaintiff underwent emergency surgery and received a colostomy. (*Id.*). After the December 2013 surgery, Plaintiff asserts that he was determined to be disabled, pursuant to the Americans with Disabilities Act ("ADA"). (*Id.*). Plaintiff alleges that he was provided with the ADA accommodation of a single cell, starting February 13, 2014. (*Id.*). From December 2013 through August 2014, Plaintiff experienced repeated infections and, ultimately, his colostomy was reversed. (*Id.* at PageID #3). In July 2015, Plaintiff alleges that his ADA accommodation for a single cell was lifted without any examination. (*Id.*). Plaintiff asserts that the stated reason for lifting the accommodation was that GCI was removing all of the then-existing, single-cell restrictions from all prisoners who had them. (*Id.*). Plaintiff continued to

1

experience medical issues and, on June 20, 2017, he was diagnosed with deadening of the senses to the intestinal region, and elimination of the normal sensation of the need to defecate. (*Id*.).

2. **Previous Lawsuits**

Plaintiff filed an action against GCI in the United States District Court, Northern District of Ohio on September 8, 2017 (*Stansell I*), Judge James S. Gwin presiding.[1] (*Id*. at PageID #2). Plaintiff contends that although the *Stansell I* "involved similar prior actions taken by Defendant as presented in this current complaint, with similar facts," this action "is based on new acts and conduct of the defendant which occurred subsequent to the disposition of the previous lawsuit." (*Id*.). The *Stansell I* complaint contains three almost identical claims as the Complaint in this action; 1) Plaintiff asserts that access to a toilet constitutes a "major life activity" as defined by the ADA and his disability requires reasonable accommodation by Defendant, 2) the acts and conduct of Defendant constitute a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20)(B)(2007), and 3) Defendant's alleged acts and conduct violated Plaintiff's Eighth Amendment and Fourteenth Amendment rights. (*Id*. at PageID #7-8; *Stansell I* Compl., ECF No. 1, PageID #4-5). The facts underlying the *Stansell I* complaint are the same facts alleged in this action regarding his medical history from December 2013 through June 2017, as well as additional facts describing his accommodations request process and exhaustion of administrative remedies before filing the *Stansell I* complaint. (*See Stansell I* Compl., ECF No. 1, PageID #2-4). *Stansell I* resolved in a settlement agreement (the "Agreement"). (ECF No. 1, PageID #2). On January 19, 2021, Judge Gwin issued an order stating "[u]pon representation of counsel that the above-captioned case has been settled between the parties, IT IS ORDERED that the docket be marked "settled and dismissed with prejudice." (*See Stansell I* Order, ECF No. 78). The order further

---

[1] *See Michael Stansell v. Grafton Correctional Inst.*, No. 1:17-cv-01892.

stated that Judge Gwin retained jurisdiction to resolve disputes concerning the memorialization of the Agreement. (*Id*.).

### 3. Medical History after June 2017

In March and April 2021, Plaintiff went on three medical trips to Franklin Medical Center ("FMC") to obtain corrective abdominal surgery from his previous colostomy reversal. (*Id*.). Plaintiff contends that on his last trip to FMC, on April 26, 2021, lead physician, Dr. Sherman Katz ("Dr. Katz") and his assistant, Dr. Steven Scoville ("Dr. Scoville"), both agreed that a single-cell accommodation was warranted for Plaintiff. (*Id*.). Plaintiff asserts that this accommodation was warranted because Dr. Katz and Dr. Scoville found that Plaintiff has no prior warning as to when he has to defecate; a single cell would allow him unrestricted access to the restroom. (*Id*.). Plaintiff filed an ADA Inmate Reasonable Accommodations Request ("ADA Request") form with GCI on November 3, 2021, and the request was denied on December 7, 2021. (*Id*. at PageID #4). Plaintiff appealed the denial on December 27, 2021 and was denied. (*Id*.). Plaintiff filed another ADA Request on January 13, 2022[2] that was denied on April 1, 2022[3]; the appeal of that decision was denied on April 20, 2022.[4] (*Id*.). Plaintiff asserts that the aforementioned denials are all based on the allegedly erroneous conclusion that Plaintiff's request was a "medical request," or "medical restriction," rather than an ADA Accommodation request. (*Id*.).

### B. Procedural Background

Plaintiff filed his Complaint, against GCI's Warden, on December 8, 2022. (ECF No. 1). Defendant filed his Motion to Dismiss on May 2, 2023. (ECF No. 8). Plaintiff filed his Opposition to the motion on May 17, 2023. (ECF No. 9). Defendant filed his Reply in Support of the motion

---

[2] *See* ECF No. 1-2, PageID #22.
[3] *Id*. at PageID #23.
[4] *Id*. at PageID #26.

3

on May 30, 2023. (ECF No. 10). Plaintiff filed his Surreply on June 14, 2023. (ECF No. 13).

## II.  LEGAL STANDARD

Federal Courts are courts of limited jurisdiction and possess only that power authorized by the U.S. Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Claims are presumed to lie outside this limited jurisdiction and the burden to establish jurisdiction rests upon the party asserting jurisdiction. *Id.* A party may move to dismiss a claim against it when the claim is without this Court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In fact, "[i]f th[is] [C]ourt determines at any time that it lacks subject-matter jurisdiction, th[is] [C]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Sovereign immunity is jurisdictional in nature and deprives th[is] [C]ourt[] of subject-matter jurisdiction where applicable." *Moher v. U.S.*, 875 F. Supp. 2d 739, 753 (W.D. Mich. 2012) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

## III.  LAW AND ANALYSIS

Defendant asserts that plaintiff filed this action based on his dissatisfaction with accommodations provided to him pursuant to the Agreement. (ECF No. 8, PageID #61). Defendant argues that this Court lacks jurisdiction over the subject matter of this action because under the order of dismissal in *Stansell I*, Judge Gwin retains jurisdiction to resolve disputes concerning the memorialization of the Agreement. (*Id.*). In the Sixth Circuit, "a district court may establish its jurisdiction to enforce a settlement in one of two ways: (1) by expressly including a provision retaining jurisdiction in the order of dismissal; or (2) by incorporating the terms of the settlement agreement in the order." *Henley v. Cuyahoga County,* 141 Fed.Appx. 437, 441-42 (6th Cir. 2005) (citing *Re/Max Int'l, Inc. v. Realty One, Inc.,* 271 F.3d 633, 641 (6th Cir.2001); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391

(1994)).  The Court agrees that to the extent that Plaintiff filed this action in an attempt to settle or resolve any dispute with the resolution of his claims in *Stansell I*, Judge Gwin retains jurisdiction over that case.  *See Henley*, 141 Fed.Appx. 442 ("[W]e are satisfied that jurisdiction to enforce the settlement agreement exists because the district court's order of dismissal contained a provision retaining jurisdiction to enforce the settlement agreement.").

### A.  *Res Judicata*

Defendant did not raise a *res judicata* defense in his motion, however, the Court finds that a *res judicata* analysis is appropriate to the disposition of this motion.  *Res judicata* is an affirmative defense, raised by the defending party.  Fed. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively…*res judicata*…and any other matter constituting an avoidance or affirmative defense.").  However, courts may raise the *res judicata* defense *sua sponte* in the interest of promoting judicial economy, and avoiding unnecessary judicial waste.  *Hanger Prosthetics & Orthodontics East, Inc. v. Henson*, 299 Fed.Appx. 547, 553-554 (6th Cir. 2008) (citing *Hutcherson v. Lauderdale County,* 326 F.3d 747 (6th Cir.2003); *Arizona v. California,* 530 U.S. 392, 412, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000)) ("This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."); *Holloway Constr. Co. v. United States Dep't of Labor,* 891 F.2d 1211 (6th Cir.1989) (noting that "a district court may invoke the doctrine of *res judicata* in the interests of, *inter alia,* the promotion of judicial economy.").

"Pursuant to the doctrine of *res judicata*, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'"  *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009); quoting *Montana v. United States*, 440 U.S. 147, 153

(1979). The term "*res judicata*" literally means "a thing adjudged" or "a matter decided." 46 Am. Jur. 2d Judgments § 442. When one court has already resolved the merits of a case, another court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*.

Plaintiff's claims are barred by the *res judicata* doctrine of claim preclusion. Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748-49, 121 S.Ct. 1808, 1814 (2001). Claim preclusion is distinguishable from the *res judicata* doctrine of issue preclusion that "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *Id*. In order to prevail on a *res judicata* defense, a defendant must show there was: "1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their 'privies'; 3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and 4) an identity of the causes of action." *Bragg*, 570 F.3d at 776; citing *Bittinger v. Tecumseh Products Co., 123 F.3d 877, 880 (6th Cir.1997)*.

1. **There was a final decision on the merits by a court of competent jurisdiction in *Stansell I*.**

The Parties resolved the claims brought in this action in *Stansell I* via the terms of the Agreement, and Judge Gwin issued an order dismissing *Stansell I* with prejudice. (ECF No. 1,

PageID #2; *See Stansell I* Order, ECF No. 78).  An order of dismissal with prejudice "operates as a final adjudication on the merits and has a *res judicata* effect."  *Pedereira v. Sunrise Children's Services, Inc.*, 802 F.3d 865, 869 (6th Cir. 2015) (quoting *Warfield v. AlliedSignal TBS Holdings, Inc.,* 267 F.3d 538, 542 (6th Cir.2001)).

**2. Both actions are between the same parties.**

It is undisputed that *Stansell I* and this action are between the same parties.  Plaintiff and GCI were parties in *Stansell I*.  (*See Stansell I.*  No. 1:17-cv-01892).  Plaintiff named GCI's Warden as Defendant in this action, and Defendant signed the Agreement in *Stansell I*.  (ECF No. 8, PageID #61).

**3. The issues in this action were previously litigated in Stansell I.**

To determine whether element three is satisfied, the Sixth Circuit considers whether a claim could have been brought in the prior litigation.  *See Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 383 (6th Cir. 2019); *Browning v. Levy*, 238 F.3d 761, 772-73 (6th Cir. 2002).  "Under claim preclusion, a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated and as to every theory of recovery that could have been presented."  *Okparaocha v. Lazarus*, 129 F.3d 1264 (Table), *1 (6th Cir. 1997); citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), *cert denied*, 116 S.Ct. 1848 (1996).

Plaintiff contends that this action is unrelated to *Stansell I* because it is based on a medical order for a single cell issued subsequent to the settlement and dismissal of *Stansell I*.  (ECF No. 9, PageID #65).  However, prior to the settlement and dismissal of *Stansell I,* Plaintiff was diagnosed with his medical condition and alleged that his condition entitled him to a single cell based on ADA requirements.  (ECF No. 1, PageID #2; *See Stansell I* Compl., ECF No. 1, PageID #2-4).

7

The denial of the single cell accommodation was the basis of the dispute in *Stansell I*. (*Id.*).

*Stansell I* was consolidated with a separate case filed by Plaintiff.[5] (ECF No. 1, PageID #2). Plaintiff contends that the Agreement settled his request for tall tables to be placed in the GCI visit room stemming from the consolidated action. (ECF No. 9, PageID #65). These facts are not dispositive in Plaintiff's favor. Part and parcel to the litigation in *Stansell I* was the denial of Plaintiff's request for a single-cell accommodation; Plaintiff, therefore, had the opportunity to include, or at least advocate for the inclusion of, the single-cell accommodation in the Agreement in *Stansell I*.

4. **Both actions have an identity of cause of action.**

An identity of cause of action is shown "if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 383 (6th Cir. 2019); (quoting *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580 (6th Cir. 2008)). "If there is an identity of 'the facts creating the right of action and of the evidence necessary to sustain each action,'" element four's evidentiary component looks to "whether the same underlying factual evidence could support and establish both [claims]." *Bourdow Contracting*, 919 F.3d at 383-84; (quoting *Sanders Confectionery Prods., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) and *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 483 (6th Cir. 2014) (The critical consideration for determining whether two suits involve the same claim or cause of action is the operative "factual overlap" between the claims); (quoting *United States v. Tohono O'odham Nation*, 563 U.S. 307, 315, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011)).

As previously stated, *Stansell I* and this action have virtually identical causes of action.

---

[5] *See Stansell v. Grafton Correctional Institution*, No. 1:18-cv-00963.

(*See* ECF No. 1, PageID #7-8; *Stansell I* Compl., ECF No. 1, PageID #4-5). Both actions arise from the same core of operative facts. Plaintiff underwent a colostomy procedure and reversal, and was subsequently diagnosed with peristalsis paralysis – deadening of the senses to the intestine region, and elimination of the normal sensation of the need to defecate. (ECF No. 1, PageID #3; *Stansell I* Compl., ECF No. 1, PageID #2). Plaintiff alleges that due to his diagnosis, he is entitled to a single-cell, ADA accommodation and has been wrongfully denied this accommodation. (ECF No. 1, PageID #3-4; *Stansell I* Compl., ECF No. 1, PageID #2-3). Regardless of the medical procedures and findings made by Plaintiff's medical physicians after the settlement and dismissal of *Stansell I*, Plaintiff alleges the same underlying facts in both actions to support his claims. The facts in both actions significantly overlap; Plaintiff tacitly acknowledges as much in stating that both actions are based upon a similar legal foundation and have similar facts. (ECF No. 1, PageID #2, ECF NO. 9, PageID #64). Indeed, the core of operative facts in each of the cases is not just similar, it is largely the same.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion (ECF No. 8) and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: October 30, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

9